1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   **PAUMA BAND OF LUISENO**                    CASE NO. 09cv1955 CAB (MDD)
     **MISSION INDIANS OF THE**
12   **PAUMA & YUIMA RESERVATION**,              ORDER ON JOINT MOTION
     a/k/a PAUMA LUISENO BAND OF                 FOR CLARIFICATION OF THE
13   MISSION INDIANS, a/k/a PAUMA                SCOPE OF DISCOVERY
     BAND OF MISSION INDIANS, a
14   federally recognized Indian Tribe,          [DOC. NO. 186]

15                              Plaintiff,

16         vs.

17   **STATE OF CALIFORNIA;**
     **CALIFORNIA GAMBLING**
18   **CONTROL COMMISSION,** an
     agency of the State of California; and
19   **ARNOLD SCHWARZENEGGER,** as
     Governor of the State of California;
20
                                Defendants.
21

22         Before the Court is the joint motion of the parties for clarification of the scope

23   of discovery authorized by the Honorable Cathy A. Bencivengo, United States District

24   Judge, on May 18, 2012. (*See* Doc. No. 182). During the hearing on May 18, 2012,

25   Judge Bencivengo authorized the parties to engage in limited discovery for a period of

26   sixty (60) days. (*Id.* at 40). The nature of discovery was limited to written discovery

27   and no more than three (3) depositions. (*Id.* at 45). The scope of authorized discovery

28

also was limited. It is the scope of that limitation that is before this Court.

The Court has reviewed the motion papers and the transcript of the hearing before Judge Bencivengo. A critical issue to be addressed by the District Court is when the statue of limitations began to run in connection with some or all of the claims asserted by Plaintiff. (*Id.* at 28). Resolving that issue, in turn, depends in large part on the nature of the relationship between Plaintiff and Defendant created by the 1999 Compact. If, as Plaintiff claims, the 1999 Compact created a relationship whereby Defendants owed a fiduciary duty to Plaintiff, the statute of limitations for certain claims would not commence until Plaintiff had actual notice of facts sufficient to trigger the associated causes of action. If, as Defendants claim, there either was no fiduciary relationship created or it was a very limited fiduciary responsibility, then the statue of limitations for certain claims may have commenced when Plaintiff should have known sufficient facts to trigger the associated causes of action. (*Id.*).

The Court cannot view Judge Bencivengo's Order in a vacuum. Any discovery order must be viewed in relation to the claims and defenses of the parties. Here, the dispute centers on Defendants' alleged mishandling of its responsibilities in determining the availability and distribution of gaming licenses under the 1999 Compact. The Court interprets Judge Bencivengo's Order as allowing limited discovery into when Plaintiff's causes of action under the 1999 Compact accrued for statute of limitations purposes. That issue, of necessity, as discussed above, requires discovery into whether or not the 1999 Compact created a fiduciary relationship between the parties and the scope of that relationship. The Court does not interpret Judge Bencivengo's Order as authorizing discovery into whether or not a fiduciary duty was breached and, if so, damages attendant to that breach.

The scope of authorized discovery at this time is as follows:

1.      Discovery may be obtained, during this period, to facts relating to whether or not the provisions of the 1999 Compact created a fiduciary

relationship between the parties relating to the availability and distribution of licenses and, if so, the scope of that fiduciary relationship; and,

2.  Discovery may be had, during this period, into facts learned by Plaintiff that bear on when Plaintiff actually knew or should have known of facts relating to the improper calculation and distribution of licenses under the 1999 Compact.

IT IS SO ORDERED:

DATED: June 12, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge