# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUMA BAND OF LUISENO MISSION INDIANS OF THE PAUMA & YUMA RESERVATION,<br><br>              Plaintiff,<br>   vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>              Defendants. | CASE NO. 09cv1955-CAB (MDD)<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO COMPEL<br><br>[ECF NO. 193] |

### Background

On May 18, 2012, the district court authorized the parties to engage in limited discovery for a period of sixty days. (ECF No. 182 at 40). Discovery was limited to written discovery and no more than three depositions. (*Id.*). Upon joint motion of the parties, this Court ruled on the permissible scope of discovery as follows:

   1.   Discovery may be obtained, during this period, to facts relating to whether or not the provisions of the 1999 Compact created a fiduciary relationship between the parties relating to the availability and distribution of licenses and, if so, the scope of that fiduciary relationship; and,

   2.   Discovery may be had, during this period, into facts learned by Plaintiff that bear on when Plaintiff actually knew or should have known of facts relating to the improper calculation and distribution of licenses under the 1999 Compact.

(ECF No. 187).

On August 15, 2012, the Plaintiff filed an *Ex Parte* Motion to Compel Pursuant to Fed. R. Civ. P. 37(a) or 37(c)(1). (ECF No. 193). Defendants responded on August 23, 2012. (ECF No. 195). Plaintiff seeks an order from the Court requiring Defendants to supplement their responses and production of documents arguing generally that the Defendants have not been entirely forthcoming. Plaintiff does not specifically identify any request and response. Nor does Plaintiff explain adequately why it did not avail itself of the joint motion requirements of this Court. *See* Civil Chambers Rules of Judge Dembin at section V subsection C. In addition to raising procedural errors in Plaintiff's motion, Defendants assert that the parties entered into an agreement regarding much of the disputed discovery which agreement is not even mentioned by Plaintiff. (ECF No. 195). As provided below, Plaintiff's motion is **DENIED**.

## Discussion

Defendants are correct that Plaintiff has not complied with the Civil Chambers Rules of this Court. Plaintiff does not provide adequate justification for proceeding with an *ex parte* motion. Plaintiff's rationale, that Defendants' position was hardened that no further documents would be forthcoming, and that the time provided for limited discovery was expiring is insufficient. The purpose of the joint motion is to provide the Court with everything it needs to resolve the motion at one time. Otherwise, as happened here, the Court must order and await a response from the opposing party. Proceeding *ex parte* delays a ruling. Had Plaintiff provided Defendants with the minimum of five days to participate in a joint motion, this motion would have been ripe on August 20. Moreover, the joint motion procedure serves to sharpen the issues and the parties' arguments.

Plaintiff also has not identified any specific disputed discovery request and response. Instead, Plaintiff complains of Defendants' overall approach to discovery in this case. There is no overarching legal issue involved, such as there was regarding the scope of discovery, which would obviate the need to identify specific requests and

responses. The Chambers Rules provide:

> 1. The Interrogatory, Request for Admission or Request for Production in dispute;
> 2. The verbatim response to the request or question by the responding party;
> 3. A statement by the propounding party as to why a further response should be compelled; and,
> 4. A precise statement by the responding party as to the basis for all objections and/or claims of privilege. Counsel would be wise to avoid boilerplate objections. Such objections are discouraged under the Federal Rules of Civil Procedure.

Dembin Civil Chambers Rules at section V, subsection C. These rules allow for the Court to address specific discovery disputes. Plaintiff's decision to ignore the rules has resulted in the Court having nothing specific to rule upon.

The Court also is perplexed by Plaintiff's decision to avoid discussing the impact of the discovery agreement between the parties. By its terms, the agreement seems to provide much of the relief requested by Plaintiff. (ECF No. 195-1 Exh. A). Specifically, the agreement contemplates that information not disclosed by certain dates cannot be relied upon by either party in connection with motions for summary judgment. Plaintiff, having chosen not to address the agreement at all, presented no argument that the agreement is in some manner deficient as it may pertain to the current dispute.

Regarding the general complaints of Plaintiff, there is simply insufficient information provided to decide whether Defendants' responses are adequate. To the extent that the arguments presented by the parties provide any insight, it does appear to the Court that Plaintiff is seeking substantially more than the limited discovery anticipated by the district court.

## Conclusion

For the foregoing reasons, Plaintiff's motion to compel is **DENIED.**

IT IS SO ORDERED.

DATED: August 27, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge